[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 27, 1990 Date of Application July 27, 1990 Date Application Filed August 14, 1990 Date of Decision February 23, 1993
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury. Docket No. CR4-167222 and CR4-167235.
Louis S. Avitabile, Esq. Defense Counsel, for Petitioner.
John A. Connelly, Esq. Assistant State's Attorney, for the State.
BY THE DIVISION:
Upon pleas of guilty petitioner was convicted of criminal attempt at robbery in the first degree, in violation of General Statutes 53a-49a(2) and 53a-134(a)(3), and, in a separate file, he was convicted of robbery in the first degree, in violation of General Statutes 53a-134 and criminal attempt at sexual assault in the first degree, in violation of General Statutes 53a-49 and 53a-70.
On the first file petitioner was committed to the custody of the commissioner of corrections for a period of twenty years. On the second file, first count a consecutive term of fifteen years was imposed. That sentence was suspended after five years with five years probation. On the second count a sentence of fifteen years suspended after five years with five years probation was imposed. This sentence was to be concurrent with the first count but consecutive to the sentence imposed on the first file. CT Page 2965
The total effective sentence on both files was thirty five years suspended after twenty five years with five years probation.
Petitioner's conviction resulted from two separate episodes which took place on the afternoon of June 5, 1989.
In the first file, a 34 year old female, after shopping at a K-Mart store, placed her 13 month old son in the back seat of her car and as she attempted to enter the front door of her car she was accosted by petitioner who put a large serrated kitchen knife against her abdomen and told her to get into the vehicle. The female fell into the vehicle and began to scream, kick and sound the horn. When people came to her aid petitioner fled.
When the police arrived they found the woman with her face and hands bleeding. She also suffered bruises on her arms and scrapes and scratches on her back.
The second event occurred about an hour later when a 25 year old woman left her place of employment and proceeded to a garage. As the woman entered her car petitioner opened the driver's side door and jumped on her lap. Petitioner was armed with a large butchers knife. He drove the victim to the sixth floor of the garage where he demanded her money. She gave him $12.00 from her purse. Petitioner informed the woman that if he discovered more money in the purse he would cut off her breasts. After going through her purse petitioner ordered the woman to remove her panty hose. Fearing for her life the woman began to comply as petitioner ran his knife up and down her thighs. Upon lifting the woman's clothing he discovered the woman was menstruating. The woman felt this saved her from being raped by petitioner.
Petitioner tied the woman's hands behind her back with her panty hose. He then left the area warning the woman not to do anything until he had gotten away.
The attorney representing petitioner stated the fact that these crimes represented isolated incidents. Petitioner's prior criminal record was minimal and he had always been a hard working person who took good care of his wife and children. CT Page 2966
It was stressed that the women suffered no serious physical injuries as a result of the attack. Considering all of the facts, and the minimal effect on the victim the attorney argued that the sentence was disproportionate.
Petitioner, the product of a disfunctional family, spoke on his own behalf. He admitted responsibility for the crimes. He explained that his life had hit bottom. He was broke and in debt and had gotten into drugs to ease the pain. At the time of the crimes he was high on crack cocaine. Considering his minimal criminal record he argued that the sentence was unduly harsh.
Petitioner's attorney recommended that the sentence be reduced to twenty years with execution suspended after fifteen.
The state's attorney argued against any reduction. He said that the judge imposed a serious sentence but that the crimes were heinous. The judge analyzed all of the information and gave petitioner a great deal of consideration for random acts of violence which caused deep psychological injuries to the victims.
Both victims suffered as a result of the attacks. The first woman stated that she could no longer trust people and she would shake with terror if approached in a store or mall. She said she was bruised from head to toe as a result of the attack and had reoccurring nightmares. She felt lucky she was not killed and her baby hurt. It took the second victim a long time to get over the attack and it was a factor in her deciding to leave her job.
Petitioner ascribed his commission of these crimes to his involvement with crack cocaine and that this had a Jeckle and Hyde effect on his personality. The problem with this explanation is, as mentioned by the sentencing judge, petitioner had a long history of substance abuse and was capable of angry outbursts when under the influence of drugs. In these cases his substance abuse resulted in particularly vicious crimes which caused serious problems for innocent people. Petitioner cannot escape responsibility by blaming his criminal act on cocaine. CT Page 2967
Under the circumstances of this case it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the offenses, the character of petitioner and the requirement to protect the public.
Connecticut Practice book 942.
The sentence is affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.